IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| WILLIE ROSS, Plaintiff | § § | |
| v. | § § | |
| GREEN TREE SERVICING LLC, Defendant | § § § | Civil Action No. 6:09-CV-00163-MHS |
| v. | § § | |
| DOLLIE ADKINS f/k/a Dollie F. Ross, Third Party Defendant. | § § | |

PLAINTIFF'S FIRST AMENDED COMPLAINT

A.  Parties

1. Plaintiff, Willie Ross, is an individual who is a citizen of the State of Texas.

2. Defendant, Green Tree Servicing LLC, is a corporation that is incorporated under the laws of the State of Delaware.  Defendant has already appeared herein and service is not necessary.

B.  Jurisdiction

3. The court has jurisdiction over the lawsuit because Plaintiff's action arises in part under 15 USC §1692a.

C.  Conditions Precedent

4. All conditions precedent have been performed or have occurred.

D.  Summary of Claims

5.  This is a suit under Texas C.P.R.C. chapter 12; to set aside a Substitute Trustee's Deed; for injunctive relief; for breach of contract; for violation of the federal and state debt collection practices acts (15 U.S.C. §1692a and Texas Finance Code Chapter 392); for negligent misrepresentation; for fraud; to reform a contract for mutual mistake; to obtain a declaration of the

rights as between Plaintiff and Defendant; and to recover all damages suffered by Plaintiff as a result of the wrongful acts of the Defendant

### E.  Summary of Facts

6. In 1999, Plaintiff and his wife Dollie Ross (now Plaintiff's ex-wife) had their homestead at 18977 CR 4116, Lindale, TX 75771.

7. On or about October 26, 1999, Plaintiff and his wife and Green Tree Financial Servicing Corporation entered into a home equity transaction in order for Plaintiff and his wife to borrow funds against that homestead.

8. The agreement between Plaintiff and Green Tree Financial Servicing Corporation showed that Plaintiff was pledging as collateral for the loan the property located at 18977 CR 4116, Lindale, TX 75771 (which was Plaintiff's homestead).  However, in preparing the paperwork, Green Tree Financial Servicing Corporation attached a legal description that did not describe Plaintiff's homestead - instead it attached the legal description of a separate 2 acre tract of land owned by Plaintiff that was not a part of Plaintiff's homestead.  The 2 acre tract was at the time the residence of Plaintiff's parents.

9. Defendant Green Tree Servicing LLC alleges to be the current owner of the home equity loan entered into by Plaintiff.

10. Defendant claimed that there existed a default under the home equity note and sent Plaintiff notices of default stating its intent to accelerate the note.  Plaintiff discovered that the notices listed the correct address of the homestead that had been pledged (i.e. 18977 CR 4116, Lindale, TX 75771) but listed an incorrect legal description.

11. Plaintiff contacted Defendant's representative (Brenda Williams) and was assured that Defendant was intending to accelerate the note and foreclose on the property in Lindale, not the

property with the Tyler address, and not to worry about the incorrect legal description.

12. Defendant subsequently filed suit under TRCP §735, et seq. in order to foreclose. That suit was filed in Cause No. 07-1427-A in the 7th District Court of Smith County, Texas.

13. Defendant's original petition asked for a court order to be allowed to foreclose on the property located at 18977 CR 4116, Lindale, TX 75771, but it included the incorrect legal description. Plaintiff notified Defendant of the incorrect legal description.

14. Defendant then filed an amended petition asking to be allowed to foreclose on the property located at 13124 CR 4220, <u>Lindale</u>, TX 75771, once again attaching the incorrect legal description. Plaintiff would show that this is not the address of the homestead property that was borrowed against nor the address of the 2 acres. Plaintiff would show that his current residence address is 13124 CR 4220, <u>Tyler</u>, TX 75706.

15. The 7th District Court entered an order allowing the foreclosure on the property located at 18977 CR 4116, Lindale, TX 75771. Defendant then filed a motion asking the Court to enter a nunc pro tunc order changing the address to 13124 CR 4220, Lindale, TX 75771 and attaching the legal description for the 2 acre tract. The Nunc Pro Tunc order was entered by the Court.

16. Defendant then sent Plaintiff notice that Defendant was going to conduct a foreclosure of the property on October 7, 2008. A Notice of Trustee's Sale dated September 15, 2008 was included stating that the Defendant was foreclosing on the property located at 18977 CR 4116, Lindale, TX 75771, but again listed the incorrect legal description of the 2 acres. This notice was served on Plaintiff using Plaintiff's correct address of 13124 County Road 4220, Tyler, TX 75706-4130.

17. Defendant subsequently filed a different Notice of Trustee's Sale on January 12, 2009

stating that the Defendant was going to foreclose on the 2 acre tract of land on February 3, 2009. This notice failed to disclose any address for the property that was to be foreclosed upon.

18. Based upon the January 12, 2009 notice, Defendant had its trustee conduct a foreclosure sale on the 2 acre tract of land, and Defendant was the successful bidder in that sale. The Substitute Trustee's Deed that was prepared on behalf of Defendant described the 2 acre tract as the property that was being conveyed by the Substitute Trustee's Deed.

19. Defendant then filed a forcible detainer suit against the Plaintiff in the Justice of the Peace Court, Precinct # 5, in Smith County. In that suit Defendant asked the Court to evict Plaintiff from the property located at "13124 CR 4220." Defendant represented in that action that it had purchased the 2 acre tract under the Substitute Trustee's Deed. This representation was made even though Defendant knew that this was not the property that had been Plaintiff's homestead that had been agreed to be pledged as collateral.

### F.  Suit under CPRC Chapter 12

20. Plaintiff incorporates, by this reference, the factual allegations set forth above.

21. Plaintiff would show that Defendant's made, presented and used a fraudulent court record or a fraudulent lien or claim filed against real property in violation of CPRC Chapter 12.

22. Plaintiff would show that he is entitled to recover from Defendant the greater of $10,000.00 or Plaintiff's actual damages, court costs, reasonable attorney's fees, and exemplary damages in an amount determined by the Court.

### G.  Breach of Contract

23. Plaintiff incorporates, by this reference, the factual allegations set forth above.

24. Pleading further, Plaintiff specifically avers that Defendant has breached the home equity contract between the parties. The contract allowed Defendant to foreclose on the property

that was Plaintiff's homestead at the time the contract was signed - the property located at 18977 CR 4116, Lindale, TX 75771.  However, Defendant now claims to have foreclosed on other property that was not Plaintiff's homestead at the time of the contract between the parties.

25.     Plaintiff would show that Plaintiff has suffered damages arising from Defendant's breach of the contract and sues for those damages.

### H.  Request for Declaratory Judgment

26.     Plaintiff incorporates, by this reference, the factual allegations set forth above.

27.     Plaintiff would show that a true and justiciable controversy exists between Plaintiff and Defendant, concerning the rights and obligations of the parties under the Home Equity Deed of Trust.  Pleading further, Plaintiff requests that the Court declare that the property subject to the Deed of Trust is the property located at 18977 CR 4116, Lindale, Tx 75771 and determine that the foreclosure sale was improperly conducted and that the Trustee's Deed should be set aside.

### I.  Wrongful foreclosure

28.     Plaintiff incorporates, by this reference, the factual allegations set forth above.

29.     Plaintiff would show that the foregoing acts by the Defendant constitutes a wrongful foreclosure of the Deed of Trust lien, for which Plaintiff is entitled to recover damages and injunctive relief.

### J.  Negligent Misrepresentation

30.     Plaintiff incorporates, by this reference, the factual allegations set forth above.

31.     Plaintiff would show that Defendant made a representation to the plaintiff in the course of the defendant's business or in a transaction in which the Defendant had an interest; that Defendant supplied false information for the guidance of Plaintiff; that Defendant did not exercise

reasonable care or competence in obtaining or communicating the information; that Plaintiff justifiably relied on the representation; and that Defendant's negligent misrepresentation proximately caused the Plaintiff's injury.  The actions by Defendant were done intentionally, willfully and with malice.  Plaintiff would further show to the Court that Defendant's wrongful actions were taken with malice and with a heedless and reckless disregard of the Plaintiff's rights.  Therefore, Plaintiff should be awarded actual and exemplary damages against Defendant.  The amount of exemplary damages will be determined by the fact finder.

### K.  Debt Collection Violations

32. Plaintiff incorporates, by this reference, the factual allegations set forth above.

33. Plaintiff would show that the actions of Defendants were also violations of the Fair Debt Collection Practices Act, *15 USC §1692a*, and the Texas Debt Collection Practices Act, *Tex. Finance Code, Chapter 392* (including, without limitation §392.304(a)(8)).

34. Plaintiff would show that he is entitled to recover actual damages, exemplary damages, and statutory damages for those violations.

### L.  Fraud

35. Plaintiff refers to and incorporates the above factual allegations as if set forth in their entirety herein.

36. Defendant, by and through its agents and employees, made representations to the Plaintiff that the collateral that it was pursuing was the property located at 18966 CR 4116, Lindale, Texas 75771.  These representations were made by upon numerous occasions and by numerous employees and agents, including, without limitation, the following:
Law Firm of Baxter & Schwartz, P.C. on September 14, 2008, Law Firm of Baxter & Schwartz, P.C. on May 11, 2007, Law Firm of Baxter & Schwartz, P.C. on May 31, 2007,  Notice of

Substitute Trustee's Sale dated September 15, 2008, verbal assurances by Brenda Williams. However, subsequent to the foreclosure, Defendant contends that the property foreclosed upon is not the property located at 18966 CR 4116, Lindale, Texas 75771 but is, instead, Plaintiff's separate 2 acre tract and Plaintiff's residence (2 separate properties). Neither of these properties were pledged to the Defendant, and Plaintiff has been damaged by the loss of the properties or by the reduction in value caused by the cloud created on the title of these two properties.

37. Defendant is liable to Plaintiff for common law fraud and statutory fraud for false representations, reckless misrepresentations, and false promises made to Plaintiff.

M.  Reformation Of Deed

38. Plaintiff refers to and incorporate the above factual allegations as if set forth in their entirety herein.

39. Plaintiff sues for a declaration and order from the Court that the Deed of Trust be reformed to express the true intended conveyance, to wit: that it is reformed to cover the property located at 18977 CR 4116, Lindale, Tx 75771.

N.  Plaintiff's right to injunctive relief

40. Plaintiff incorporates, by this reference, the factual allegations set forth above.

41. Plaintiff was and is the owner of the property made the subject of the Deed of Trust.

42. Defendant has filed a forcible detainer action against Plaintiff attempting to evict Plaintiff from the property.

43. As shown by the facts set out above, the purported foreclosure of the deed of trust lien was improperly conducted because Defendant is attempting to foreclose on property that was not given as collateral for the loan.

44. Plaintiff would show that there is no remedy at law that is clear and adequate to

protect Plaintiff's property interest against such eviction after the wrongful foreclosure. This request for injunctive relief is made so that justice may be done, not merely for delay. Plaintiff has performed all conditions precedent and is ready, willing, and able to perform such equitable acts as the Court deems necessary.

### O. Attorney's Fees

45. Plaintiff is entitled to reimbursement from Defendant for attorney's fees and expenses reasonably and necessarily incurred in bringing this action and in any trial or appeal of this action. Plaintiff has secured the services of the undersigned attorney to prosecute this claim and has agreed to pay him a reasonable fee for his services rendered on Plaintiff's behalf. Therefore, Plaintiff sues for reasonable attorney's fees and expenses of this litigation, both at the trial level and on appeal.

### P. Prayer

46. For these reasons, plaintiff requests:

A. That Defendant Green Tree Servicing LLC be cited to appear and show cause, and that upon such hearing, a temporary injunction be issued enjoining Defendant Green Tree Servicing LLC, its agents, attorney's, servants, and employees, from directly or indirectly pursuing or prosecuting a forcible detainer action against the Plaintiff.

B. That the Court enter a judgment declaring the rights and obligations of the parties, as prayed for above.

C. That the Court enter a judgment determining that the Deed of Trust incorrectly described the property given as collateral by virtue of a mutual mistake and order that the Deed of Trust be reformed to express the true intended conveyance, to wit: that the Deed of Trust covers the property located at 18977 CR 4116, Lindale, TX 75771;

D. That Plaintiff recover his actual damages, statutory damages, and exemplary and punitive

    damages as set forth above.

E.    That Plaintiff recover his reasonable attorneys fees incurred in bringing this suit, both at trial and upon any appeal.

F.    That Plaintiff recover costs of suit.

G.    That Plaintiff recover both pre-judgment and post-judgment interest to the extent allowed by law.

H.    That Plaintiff be awarded such other and further relief to which the Plaintiff may be justly entitled.

    Respectfully submitted,

    /s/ RALPH E. ALLEN
RALPH E. ALLEN
100 East Ferguson, Suite 901
Tyler, Texas  75702
State Bar No. 01048700
Telephone No. 903/593-9727
Telecopier No. 903/531-2566
rallen@tyler.net
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a copy of the above document was served electronically upon Richard A. McKinney, attorney for Defendant, on May 7, 2009.

    /s/ RALPH E. ALLEN
RALPH E. ALLEN